# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER CAMPBELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL FEDERAL CREDIT UNION,<br><br>Defendant. | Court File No.: _____<br><br>CLASS ACTION COMPLAINT<br>AND<br>JURY DEMAND<br><br>(Equitable Relief Sought) |

## CLASS ACTION COMPLAINT

Plaintiff Jennifer Campbell, individually and on behalf of the classes of persons preliminarily defined below, makes the following allegations.

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of herself and classes of all similarly situated consumers against Defendant Digital Federal Credit Union ("DFCU"), arising from its routine practice of charging two or three non-sufficient funds fees ("NSF Fee") on a single transaction.

2. Two documents permit DFCU to impose OD Fees and NSF Fees and address the policies at issue in this Complaint. *See* Truth in Savings Disclosure and Account Agreement ("Deposit Agreement") attached as ***Exhibit A*** and Schedule of Fees and Service Charges ("Fee Schedule") attached as ***Exhibit B*** (collectively "Account Documents").

3. Ms. Campbell does not dispute DFCU's right to either (a) reject a transaction and charge a single NSF Fee or (b) pay a transaction and charge a single overdraft fee ("OD Fee"), but DFCU unlawfully maximizes its already profitable account fees with deceptive practices that also violate its contract.

4. Specifically, DFCU unlawfully assesses *multiple* NSF Fees on a single Automated Clearing House ("ACH") transaction or check.

5. In DFCU's sole and undisclosed view, each time the Credit Union processes an ACH transaction or check for payment after a having been rejected for insufficient funds, it becomes a new, unique item or transaction that is subject to another NSF Fee. But DFCU's Account Documents never even hints that this counterintuitive result could be possible. Moreover, the premise is far from obvious as a matter of common sense and becomes even less so when one considers that DFCU's own statements refer to the re-attempted items as "RETRY PYMT"—i.e., mere iterations of the same initial item, not items *ex nihilo*.

6. DFCU's Account Documents indicate that only a single NSF Fee will be charged for "checks, ACH, and DCU Debit Card withdrawals" however many times the request for payment is reprocessed. An electronic item reprocessed after an initial return for insufficient funds cannot and does not fairly become a new, unique item for NSF fee assessment purposes.

7. DFCU breaches its contract when it charges more than one $30 NSF Fee on the same item, since the contract states—and reasonable consumers understand—that the same item can only incur a single NSF Fee.

8. DFCU also breaches its duty of good faith and fair dealing when it charges multiple NSF Fees on a single transaction. Specifically, DFCU abuses its contractual discretion by (a) processing transactions when it knows full well that a customer's account lacks sufficient funds and (b) charging NSF Fees upon each reprocessing of the same item.

9. This practice not only violates DFCU's contracts and the covenant of good faith and fair dealing but is also unfair and deceptive under the consumer protection law of North Carolina (where Ms. Campbell is a citizen and resides).

10. Ms. Campbell and other DFCU customers have been injured by these practices. On behalf of herself and the Classes, Ms. Campbell seeks damages, restitution and injunctive relief for DFCU's breach of contract and breach of the covenant of good faith and fair dealing, and violation of the applicable consumer protection statute.

11. DFCU's improper scheme to extract funds from accountholders already struggling to make ends meet has victimized Plaintiff and thousands of other accountholders. Unless enjoined, DFCU will continue to engage in these schemes and cause substantial injury to accountholders.

## PARTIES

12. Plaintiff Campbell is a citizen and resident of North Carolina.

13. Defendant Digital Federal Credit Union is one of Massachusetts's largest credit unions. It has over $8 billion in assets and maintains its headquarters in Marlborough, Massachusetts. It has branches located in Massachusetts and New Hampshire and has customers throughout the United States.

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the class (Ms. Campbell) is a citizen of a State different from the Defendant. The number of members of the proposed Classes in aggregate exceeds 100 accountholders. 28 U.S.C. § 1332(d)(5)(B).

15. This Court has personal jurisdiction over the Defendant because Defendant's actions and omissions committed in or aimed at this District gave rise to the claims alleged in this Complaint. Also, Defendant regularly conducts and/or solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from products and/or services

provided to persons in this District and in Massachusetts.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND FACTS

### I. DFCU CHARGES TWO OR MORE NSF FEES ON THE SAME ITEM

17. As alleged more fully herein, DFCU's Account Documents allow it to take certain steps when a Credit Union accountholder attempts a transaction, but does not have sufficient funds to cover it. Specifically, DFCU may (a) authorize the transaction and charge a *single* $30 OD Fee; or (b) reject the transaction and charge a *single* $30 NSF Fee.

18. In contrast to its Account Documents, however, DFCU regularly assesses two or more NSF Fees on the *same* item or transaction.

19. This abusive practice is not universal in the financial services industry. Indeed, major banks like Chase—the largest consumer bank in the country—do not undertake the practice of charging more than one NSF Fee on the same item when it is reprocessed. Instead, Chase charges one NSF Fee even if a transaction is reprocessed for payment multiple times.

20. DFCU's Account Documents never disclose this practice. To the contrary, DFCU's Account Documents indicate it will only charge a single NSF Fee on an item or per transaction.

### A. Plaintiff's Experience

21. On January 22, 2018, Plaintiff attempted to make a one-time American Express payment, via an ACH transaction.

22. DFCU rejected payment of that item due to insufficient funds and charged Plaintiff a $30 NSF Fee.

23. Unbeknownst to Ms. Campbell and without her request to DFCU to retry the

transaction, one day later, on January 23, 2018, DFCU processed the same item again, and again rejected the transaction and again charged her a $30 NSF Fee.

24. Again, unbeknownst to Ms. Campbell and without her request to DFCU to retry the transaction, one day later, on January 24, 2018, DFCU processed the same item again, and again rejected the transaction and again charged her a $30 NSF Fee.

25. In sum, *DFCU charged Plaintiff $90 in fees to process a single payment to American Express.*

26. Plaintiff understood his transaction to be a single transaction as is laid out in DFCU's Account Documents, capable at most of receiving a single NSF Fee (if DFCU returned it) or OD Fee (if DFCU paid it).

27. DFCU itself also understood the American Express transaction to be single transaction, and its systems categorized it as such. Indeed, on Ms. Campbell's account statement, DFCU described subsequent attempts to debit the transaction as a "RETRY PYMT."

**B. The Imposition of Multiple NSF Fees on a Single Transaction Violates DFCU's Express Promises and Representations**

28. The Deposit Agreement provides the general terms of Ms. Campbell's relationship with DFCU and makes explicit promises and representations regarding how transactions will be processed, as well as when NSF Fees and OD Fees may be assessed.

29. The Deposit Agreement contains explicit terms indicating that NSF Fees will only be assessed once per transaction or item—defined as a customer request for payment or transfer—when in fact DFCU regularly charges two or more NSF Fees per transaction or item even though a customer only requested the payment or transfer once.

30. DFCU's Account Documents indicate that a singular NSF Fee can be assessed on checks, ACH debits, and electronic payments.

31. DFCU's Account Documents state that it will charge $30 per item or transaction that is returned due to insufficient funds.

32. According to the Fee Schedule, at most a <u>single</u> fee will be assessed when a "check, ACH and DCU Debit Card withdrawal" is returned for nonsufficient funds.

Returned - Nonsufficient Funds* $30.00

*Includes checks, ACH, and DCU Debit Card withdrawals. Aggregate two (2) fees per day per account. Individual items that 1) are $10 or less, or 2) draw the account balance negative by $10.00 or less are not subject to such fees.

33. The same "check, ACH and DCU Debit Card withdrawal" on an account cannot conceivably become a new one each time it is rejected for payment then reprocessed, especially when—as here—Plaintiff took no action to resubmit them.

34. While the Deposit Agreement contemplates that DFCU may make a "second attempt" to clear any item returned for insufficient funds, it expressly states DFCU will only charge "a fee" for a second attempt when such an item is "paid" in which case an OD Fee will be charged—not, as happened to Plaintiff, where the item is rejected over and over again.

> 1. You may at your discretion, but are not obligated to nor shall you be liable for refusal to, pay funds from this account: a. When such payment would draw the available balance in the account below zero.…You may also make a second attempt to clear any item originally identified as having insufficient funds. I understand you are not in any way obligated to do so, that all attempts to pay any item must still be completed within the settlement timeframes imposed by regulation, and that **I will be charged a fee for items paid during a second attempt to clear in lieu of a returned item fee.**

Deposit Agreement at 19 (emphasis added).

35. There is zero indication anywhere in the Account Documents that the same "check, ACH and DCU Debit Card withdrawal" is eligible to incur multiple NSF Fees.

36. Even if DFCU reprocesses an instruction for payment, it is still the same "check, ACH and DCU Debit Card withdrawal." DFCU's reprocessing is simply another attempt to

effectuate an accountholder's original order or instruction.

37. The disclosures described above never discuss a circumstance where DFCU may assess multiple NSF Fees for a single check or ACH transaction that was returned for insufficient funds and later reprocessed one or more times and returned again.

38. In sum, DFCU promises that one $30 NSF Fee will be assessed per electronic payment or check, and these terms must mean all iterations of the same instruction for payment. As such, DFCU breached the contract when it charged more than one fee per item.

39. Taken together, the representations and omissions identified above convey to customers that all submissions for payment of the same transaction will be treated as the same "item," which DFCU will either authorize (resulting in an overdraft item) or reject (resulting in a returned item) when it decides there are insufficient funds in the account. Nowhere does DFCU disclose that it will treat each reprocessing of a check or ACH payment as a separate item, subject to additional fees, nor do DFCU customers ever agree to such fees.

40. Customers reasonably understand, based on the language of the Account Documents, that DFCU's reprocessing of checks or ACH payments are simply additional attempts to complete the original order or instruction for payment, and as such, will not trigger NSF Fees. In other words, it is always the same item or transaction.

41. Banks and credit unions like DFCU that employ this abusive practice know how to plainly and clearly disclose it. Indeed, other banks and credit unions that do engage in this abusive practice disclose it expressly to their accountholders—something DFCU here never did.

42. For example, First Citizens Bank, a major institution in the Carolinas, engages in the same abusive practice as DFCU, but at least expressly states:

> Because we may charge a service fee for an NSF item each time it is presented, **we may charge you more than one service fee for any given item**. All fees are charged during

evening posting. When we charge a fee for NSF items, the charge reduces the available balance in your account and may put your account into (or further into) overdraft.

(emphasis added).

43.     First Hawaiian Bank engages in the same abusive practices as Defendant, but at least currently discloses it in its online banking agreement, in all capital letters, as follows:

> YOU AGREE THAT MULTIPLE ATTEMPTS MAY BE MADE TO SUBMIT A RETURNED ITEM FOR PAYMENT AND THAT **MULTIPLE FEES MAY BE CHARGED TO YOU AS A RESULT OF A RETURNED ITEM AND RESUBMISSION**.

(emphasis added).

44.     Klein Bank similarly states in its online banking agreement:

> [W]e will charge you an NSF/Overdraft Fee each time: (1) a Bill Payment (electronic or check) is submitted to us for payment from your Bill Payment Account when, at the time of posting, your Bill Payment Account is overdrawn, would be overdrawn if we paid the item (whether or not we in fact pay it) or does not have sufficient available funds; or (2) we return, reverse, or decline to pay an item for any other reason authorized by the terms and conditions governing your Bill Payment Account. We will charge an NSF/Overdraft Fee as provided in this section regardless of the number of times an item is submitted or resubmitted to us for payment, and regardless of whether we pay the item or return, reverse, or decline to pay the bill payment.

45.     DFCU provides no such disclosure, and in so doing, deceives its accountholders.

## C. The Imposition of Multiple NSF Fees on a Single Transaction Breaches DFCU's Duty of Good Faith and Fair Dealing

46.     Parties to a contract are required not only to adhere to the express conditions in the contract, but also to act in good faith when they are invested with a discretionary power over the other party. In such circumstances, the party with discretion is required to exercise that power and discretion in good faith. This creates an implied promise to act in accordance with the parties' reasonable expectations and means that DFCU is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, DFCU has a duty to honor transaction requests in a way that is fair to Plaintiff and its other customers and is prohibited from exercising its discretion to

pile on ever greater penalties on the depositor. Here—in the adhesion agreements DFCU foisted on Plaintiff and its other customers—DFCU has provided itself numerous discretionary powers affecting customers' credit union accounts. But instead of exercising that discretion in good faith and consistent with consumers' reasonable expectations, DFCU abuses that discretion to take money out of consumers' account without their permission and contrary to their reasonable expectations that they will not be charged multiple fees for the same transaction.

47. DFCU exercises its discretion in its own favor—and to the prejudice of Plaintiff and its other customers—when it reprocesses a transaction when it knows a customer's account lacks funds and then charges additional NSF Fees on a single item. Further, DFCU abuses the power it has over customers and their credit union accounts and acts contrary to her reasonable expectations under the Account Documents. This is a breach of DFCU's implied covenant to engage in fair dealing and act in good faith.

48. Further, DFCU maintains complete discretion not to assess NSF Fees on transactions at all. By exercising its discretion in its own favor—and to the prejudice of Plaintiff and other customers—by charging more than one NSF Fee on a single item, DFCU breaches the reasonable expectation of Plaintiff and other customers and in doing so violates the implied covenant to act in good faith.

49. It was bad faith and totally outside Plaintiff's reasonable expectations for DFCU to use its discretion to assess two or three NSF Fees for a single attempted payment.

50. When DFCU charges multiple NSF Fees, DFCU uses its discretion to define the meaning of "check, ACH and DCU Debit Card withdrawal" in an unreasonable way that violates common sense and reasonable consumer expectations. DFCU uses its contractual discretion to set the meaning of those terms to choose a meaning that directly causes more NSF Fees.

## **CLASS ALLEGATIONS**

51. Ms. Campbell brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

52. The proposed "Classes" are defined as:

**Class – Nationwide Multiple NSF Class**
All DFCU checking account holders in the United States who, during the applicable statute of limitations, were charged multiple NSF Fees on a single transaction (the "Multiple NSF Class").

**Subclass – North Carolina Multiple NSF Subclass**
All DFCU checking account holders in North Carolina who, during the applicable statute of limitations, were charged multiple NSF Fees on a single transaction (the "North Carolina Multiple NSF Subclass").

Hereinafter, the Class and Subclass are collectively referred to as the "Classes."

53. Ms. Campbell reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

54. Specifically excluded from the Classes are any entities in which DFCU has a controlling interest, or which have a controlling interest in DFCU, DFCU's legal representatives, assigns, and successors, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

55. The members of the Classes are so numerous that joinder is impractical. The Classes consist of thousands of members, the identities of whom are within the exclusive knowledge of DFCU and can be readily ascertained only by resort to DFCU's records.

56. The claims of the representative plaintiff are typical of the claims of the Classes in that the representative plaintiff, like all members of the Classes, was charged multiple NSF Fees on a single transaction. The representative plaintiff, like all members of the Classes, has been

damaged by DFCU's misconduct in that she has been assessed unfair and unconscionable NSF Fees. Furthermore, the factual basis of DFCU's misconduct is common to all members of the Classes and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Classes. Ms. Campbell has suffered the harm alleged and has no interests antagonistic to the interests of any other members of the Classes.

57. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual members of the Classes.

58. Among the questions of law and fact common to the Classes include:

　　a. Whether DFCU violated contract provisions by charging multiple NSF Fees on the same transaction;

　　b. Whether DFCU breached its covenant of good faith and fair dealing with Ms. Campbell and other members of the Classes through its NSF Fee policies and practices;

　　c. Whether DFCU violated the applicable consumer protection law through its NSF Fee policies and practices;

　　d. The proper method or methods by which to measure damages; and

　　e. The declaratory and injunctive relief to which the Classes are entitled.

59. Ms. Campbell is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions, particularly on behalf of consumers and against financial institutions. Accordingly, Ms. Campbell is an adequate representative and will fairly and adequately protect the interests of the Classes.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual class member's claim is

small relative to the complexity of the litigation, no class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Classes will continue to suffer losses and DFCU's misconduct will proceed without remedy.

61. Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows for the consideration of claims which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

62. Plaintiff suffers a substantial risk of repeated injury in the future. Plaintiff, like all members of the Classes, is at risk of additional NSF Fees on repeated reprocessing of transactions. Plaintiff and the members of the Classes are entitled to injunctive and declaratory relief as a result of the conduct complained of herein. Money damages alone could not afford adequate and complete relief, and injunctive relief is necessary to restrain DFCU from continuing to commit its unfair and illegal actions.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing**
**(On Behalf of the Classes)**

63. Ms. Campbell realleges and incorporates by reference all the foregoing allegations as if they were fully set forth herein.

64. Ms. Campbell and DFCU have contracted for bank account services, as embodied in DFCU's Deposit Agreement and related documentation.

65. DFCU's Account Documents explicitly state that, when a customer lacks sufficient funds to cover a transaction, DFCU may either (a) authorize the transaction and charge a single OD Fee, or (b) reject the transaction and charge a single NSF fee. DFCU regularly violates its contractual promises by charging multiple NSF Fees on a single transaction.

66. Under the laws of the states where DFCU does business, parties to a contract are required not only to adhere to the express conditions in the contract, but also to act in good faith when they are invested with a discretionary power over the other party. In such circumstances, the party with discretion is required to exercise that power and discretion in good faith. This creates an implied promise to act in accordance with the parties' reasonable expectations. That means that DFCU is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, DFCU has a duty to honor transaction requests in a manner that is fair to Ms. Campbell and is prohibited from exercising its discretion to pile on ever greater penalties.. Here—in the form agreements DFCU foisted on Ms. Campbell—DFCU has provided itself numerous discretionary powers affecting Ms. Campbell's account.

67. Instead of exercising that discretion in good faith and consistent with Ms. Campbell's reasonable expectations, DFCU abuses that discretion to take money out of Ms. Campbell's account without her permission and contrary to her reasonable expectations that she will not be charged multiple NSF Fees for the same transaction. Specifically, DFCU regularly (a) reprocesses previously declined transactions, even when DFCU knows a customer's account lacks sufficient funds, and (b) charges DFCU Account Fees upon reprocessing of previously declined transactions.

68. DFCU further breaches the covenant of good faith and fair dealing by charging more than one NSF Fee on a single transaction.

69. By exercising its discretion to enrich itself by gouging its consumers, DFCU consciously and deliberately frustrates the agreed common purposes of the contract and disappoints the reasonable expectations of Ms. Campbell and members of the Classes, thereby depriving them of the benefit of their bargain.

70. Ms. Campbell and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the Deposit Agreement.

71. Ms. Campbell and members of the Classes have sustained damages as a result of DFCU's breaches of the Deposit Agreement.

## SECOND CLAIM FOR RELIEF
### Violation of North Carolina Unfair And Deceptive Trade Practices Act
**(On Behalf of the North Carolina Subclass)**

72. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

73. This claim is asserted on behalf of the members of the North Carolina Subclass under North Carolina's Unfair and Deceptive Trade Practices Act.

74. DFCU engaged in unfair and deceptive acts and practices relating to the imposition of NSF Fees, in violation of N.C. Gen. Stat. §§ 75-1.1 et seq.

75. DFCU's acts and practices were in and affected commerce as defined by Chapter 75 of the North Carolina General Statutes.

76. DFCU's acts and practices proximately caused injury to Plaintiff and the North Carolina Subclass, and they are entitled to, *inter alia*, damages, injunctive, and declaratory relief.

77. Because of the unfair and deceptive acts and practices of DFCU, Plaintiff and the North Carolina Subclass seek an award of treble damages and attorneys' fees pursuant to N.C. Gen. Stat. §§75-16 and 75-16.1.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Campbell, individually and on behalf of the members of the Classes, respectfully requests the Court to enter an Order:

a.  certifying the proposed Classes;

b.  declaring DFCU's NSF Fee policies and practices alleged in this Complaint to be wrongful, unfair and unconscionable;

c.  enjoining DFCU from charging more than one NSF Fee for any single transaction;

d.  enjoining DFCU from materially misrepresenting its true fee processing practices;

e.  granting restitution of all NSF Fees paid to DFCU by Campbell and the Classes, as a result of the wrongs alleged herein in an amount to be determined at trial;

f.  granting disgorgement of the ill-gotten gains derived by DFCU from its misconduct;

g.  awarding actual damages in an amount according to proof;

h.  statutory damages;

i.  awarding pre-judgment interest at the maximum rate permitted by applicable law;

j.  awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

k.  awarding costs and disbursements assessed by Campbell in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

l.  awarding such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Campbell and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated:  March 1, 2019

Respectfully submitted,

_____
Katherine M. Aizpuru (MA Bar. No. 690383)
Hassan A. Zavareei (*pro hac vice* to be filed)
Andrea Gold (*pro hac vice* to be filed)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
kaizpuru@tzlegal.com
agold@tzlegal.com
hzavareei@tzlegal.com

Jeffrey D. Kaliel (*pro hac vice* to be filed)
Sophia Gold (*pro hac vice* to be filed)
**KALIEL PLLC**
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Jeff Ostrow (*pro hac vice* to be filed)
Jonathan M. Streisfeld (*pro hac vice to be filed*)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No. (954) 525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com

*Attorneys for Plaintiff and the Putative Classes*