# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER CAMPBELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 1:19-cv-10389-LTS |

## DEFENDANT DIGITAL FEDERAL CREDIT UNION'S
## ANSWER TO PLAINTIFF JENNIFER CAMPBELL'S COMPLAINT

Defendant Digital Federal Credit Union ("Digital"), by its attorneys Katten Muchin Rosenman LLP (*pro hac vice* motions pending) and Christopher, Hays, Wojcik & Mavricos, LLP, and as and for its answer and affirmative defenses to the complaint of plaintiff Jennifer Campbell ("Plaintiff"), hereby admits, denies, and alleges to the Court as follows:

## NATURE OF THE ACTION

1. Digital admits that Plaintiff purports to bring this action as a class action and that she purports to allege claims in her own right and as a class representative of others similarly situated. Digital denies that it wrongfully charged Plaintiff or alleged class members non-sufficient funds ("NSF") fees.

2. Digital admits that, among other things, a member's transaction is governed, in part, by the "Truth-In-Savings Disclosure And Account Agreements" ("Account Agreement") and the "Schedule of Fees and Service Charges" ("Fee Schedule") in effect at the time of the transaction. Digital further admits that Exhibits A and B are true and accurate copies of an Account Agreement, dated January 2019 and a Fee Schedule, dated January 1, 2019, respectively.

3. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

4. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

5. Digital denies the allegations in this paragraph.

6. Digital denies the allegations in this paragraph.

7. Digital denies the allegations in this paragraph.

8. Digital denies the allegations in this paragraph.

9. Digital denies the allegations in this paragraph.

10. Digital admits that Plaintiff purports to bring a class action seeking damages, restitution, and injunctive relief, but denies that Plaintiff is entitled to such relief. Digital denies the remaining allegations in this paragraph.

11. Digital denies the allegations in this paragraph.

**PARTIES**

12. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies.

13. Digital denies any statements of opinion set forth in this paragraph that do not constitute factual allegations. Digital admits that it is a credit union headquartered in Marlborough, Massachusetts. It further admits that it has over $8 billion in assets and has branches located in Massachusetts and New Hampshire. Digital denies that it has customers; it has "members."

14. Digital admits to statutory subject matter jurisdiction under the Class Action Fairness Act ("CAFA").

15. Digital admits the Court currently has personal jurisdiction over it with respect to this action.

16. Digital admits that venue is proper.

## BACKGROUND FACTS

### I. DFCU CHARGES TWO OR MORE NSF FEES ON THE SAME ITEM

17. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of its contract with its members.

18. Digital denies the allegations in this paragraph.

19. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies, and denies any statements of opinion set forth in the paragraph that do not constitute factual allegations.

20. Digital denies the allegations in this paragraph.

**A. Plaintiff's Experience**

21. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies.

22. Digital denies the allegations in this paragraph.

23. Digital denies the allegations in this paragraph.

24. Digital denies the allegations in this paragraph.

25. Digital denies the allegations in this paragraph.

26. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph with respect to Plaintiff's state of mind and on that basis denies. Digital denies the remaining allegations in this paragraph.

27. Digital denies the allegations in this paragraph.

### B. The Imposition of Multiple NSF Fees on a Single Transaction Violates DFCU's Express Promises and Representations

28. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of the contract.

29. Digital denies the allegations in this paragraph.

30. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of its contract with its members.

31. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of its contract with its members.

32. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of its contract with its members.

33. Digital denies the allegations in this paragraph.

34. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of its contract with its members.

35. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of its contract with its members.

36. Digital denies the allegations in this paragraph.

37. Digital denies the allegations in this paragraph.

38. Digital denies the allegations in this paragraph.

39. Digital denies the allegations in this paragraph.

40. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies.

41. Digital denies that the allegations in this paragraph accurately describe the terms and legal effect of its contract with its members. As to the remaining allegations, Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies.

42. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies.

43. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies.

44. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies.

45. Digital denies the allegations in this paragraph.

**C. The Imposition of Multiple NSF Fees on a Single Transaction Breaches DFCU's Duty of Good Faith and Fair Dealing**

46. The first four sentences of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in those sentences. As to the remaining allegations in this paragraph, Digital denies.

47. Digital denies the allegations in this paragraph.

48. Digital denies the allegations in this paragraph.

49. Digital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph with respect to Plaintiff's expectations and on that basis denies. Digital denies the remaining allegations in this paragraph.

50. Digital denies the allegations in this paragraph.

## CLASS ALLEGATIONS

51. Digital admits that Plaintiff purports to bring this case as a class action but denies that the case is suited to class treatment and denies that there are merits to the allegations as stated.

52. Digital admits that the Complaint proposes two potential classes, but denies knowledge or information sufficient to form a belief as to whether this is a proper case for class action status, and accordingly denies the same and puts Plaintiff(s) to her (their) strict proof thereon.

53. This paragraph has no facts to admit or deny. To the extent a response is required, Digital denies the allegations in this paragraph.

54. Digital admits that the Complaint purports to exclude from the proposed classes the noted exclusions, but denies knowledge or information sufficient to form a belief as to whether this is a proper case for class action status, and accordingly denies the same and puts Plaintiff(s) to her (their) strict proof thereon.

55. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

56. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

57. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

58. This paragraph, including its subparts, calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

59. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph. Digital also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies.

60. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

61. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

62. Digital admits that Plaintiff seeks the articulated relief but denies that she is entitled to it. To the extent a response is required, Digital denies the allegations in this paragraph.

## **CAUSES OF ACTION**

## **FIRST CLAIM FOR RELIEF**

**Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing**

**(On Behalf of the Classes)**

63. Answering paragraph 63, Digital repeats, re-alleges, and incorporates herein reference to its answers to paragraphs 1 through 62 above.

64. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

65. Digital denies the allegations in this paragraph.

66. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Digital denies the allegations in this paragraph.

67. Digital denies the allegations in this paragraph.

68. Digital denies the allegations in this paragraph.

69. Digital denies the allegations in this paragraph.

70. Digital denies the allegations in this paragraph.

71. Digital denies the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

**Violation of North Carolina Unfair And Deceptive Trade Practices Act**

**(On Behalf of the North Carolina Subclass)**

72. Digital repeats, re-alleges, and incorporates herein if fully set forth herein its answers to paragraphs 1 through 71 above.

73. Digital denies the allegations in this paragraph.

74. Digital denies the allegations in this paragraph.

75. Digital denies the allegations in this paragraph.

76. Digital denies the allegations in this paragraph.

77. Digital denies the allegations in this paragraph.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Plaintiff and the putative class members are not entitled to recover under their claims for relief because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2. Plaintiff and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Standing)

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert claims in her own behalf or on behalf of the putative class members.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

4. Plaintiff and the putative class members are barred from obtaining any relief because they knowingly and voluntarily waived the rights Plaintiff now attempts to assert.

### FIFTH AFFIRMATIVE DEFENSE
(Laches)

5. Plaintiff and the putative class members are barred from obtaining any relief by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

6. Plaintiff and the putative class members' recovery is limited or barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

7. Plaintiff and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

8. Plaintiff and the putative class members' recovery is limited or barred due to their failure to mitigate their damages, if any.

### NINTH AFFIRMATIVE DEFENSE
(Safe Harbor)

9. Plaintiff and the putative class members' claims are barred, in whole or in part, because Digital complied with all applicable laws and regulations.

### TENTH AFFIRMATIVE DEFENSE
(Setoff)

10. Plaintiff and the putative class members' recovery is limited or barred because they owe Digital money.

### ELEVENTH AFFIRMATIVE DEFENSE
(Acquiescence)

11. Plaintiff and the putative class members' claims are barred, in whole or in part, because they acquiesced in the conduct complained of.

### TWELFTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

12. Plaintiff and the putative class members' claims are barred, in whole or in part, because they have been unjustly enriched.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Voluntary Payment)

13. Plaintiff and the putative class members' claims are barred, in whole or in part, under the voluntary payment doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Reasonable Commercial Standards)

14. Plaintiff and the putative class members' claims are barred, in whole or in part, because Digital acted in accordance with reasonable commercial standards.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Course of Dealing)

15. Plaintiff and the putative class members are barred from challenging Digital's interpretation, application, and implementation of the terms and provisions of the contracts governing their accounts (including whether Digital's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because Plaintiff and the putative class members acquiesced in Digital's interpretation, application, and implementation of the contractual terms and provisions as a course of dealing, and benefited from Digital's interpretation, application, and implementation of the contractual terms and provisions.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Preemption)

16. Plaintiff and the putative class members' claims are barred, in whole or in part, because they are preempted by federal law.

## RESERVATION OF RIGHTS

Digital expressly reserves its right to amend this Answer or allege additional affirmative defenses after conducting further discovery, investigation and research.

## PRAYER FOR RELIEF

**WHEREFORE**, Digital respectfully requests that:

1. Plaintiff have and recover nothing;

2. Any request for class certification be denied;

3. Judgment of dismissal be entered in favor of Digital and against Plaintiff;

4. Digital be awarded its costs and reasonable attorneys' fees as may be recoverable under claims asserted by Plaintiff; and

5. The Court award all other relief that the Court deems just and proper.

Respectfully Submitted,

**DIGITAL FEDERAL CREDIT UNION,**
By Its Attorneys,

**KATTEN MUCHIN ROSENMAN LLP**

Stuart M. Richter (*pro hac vice* admission pending)
Andrew J. Demko (*pro hac vice* admission pending)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
stuart.richter@kattenlaw.com
andrew.demko@kattenlaw.com

**CHRISTOPHER, HAYS, WOJCIK & MAVRICOS, LLP**

*/s/ Andrew P. DiCenzo*
John A. Mavricos (BBO#325360)
Andrew P. DiCenzo (BBO#689291)
Christopher, Hays, Wojcik & Mavricos, LLP
446 Main Street, Eighth Floor
Worcester, MA 01608
Work: 508.792.2800
jmavricos@chwmlaw.com
Dated: April 26, 2019   adicenzo@chwmlaw.com

## **CERTIFICATE OF SERVICE**

I, Andrew P. DiCenzo, hereby certify that on this 26th day of April, 2019, the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Andrew P. DiCenzo*